FILED
2013 Apr-12 PM 01:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| TERRY LEE FUQUA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:12-CV-0111-VEH |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

The plaintiff, Terry Lee Fuqua, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying his application for Social Security Benefits.  Plaintiff timely pursued and exhausted his administrative remedies available before the Commissioner.  Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

### STANDARD OF REVIEW

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied.  <u>Bloodsworth v. Heckler</u>, 703 F.2d 1233, 1239 (11th Cir. 1983).  To that end this court "must scrutinize the record as a whole to determine if the decision

reached is reasonable and supported by substantial evidence." Bloodsworth, at 1239 (citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth, at 1239.

## DISCUSSION

The plaintiff alleges he is disabled under listing 12.05C based upon IQ testing performed by Dr. Crowder, Ph.D., at the request of plaintiff's attorney. Doctor Crowder reported IQ scores as follows:

| Verbal | Performance | Full Scale |
|--------|-------------|------------|
| 66     | 70          | 65         |

Record 249. Dr. Crowder diagnosed the plaintiff as having "mild mental retardation to borderline general intellectual ability." Record 249.

Listing 12.05C requires that a claimant have a " valid verbal, performance, or full-scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function." Davis v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993)(quoting Listing 12.05C).

In addition to a valid IQ score meeting the requirements of Listing 12.05C, a plaintiff must also satisfy the diagnostic description in the introductory paragraph of Listing 12.05C. See, Listing 12.00A ("If your impairment satisfies the diagnostic description in the introductory paragraph and any one of the four sets of

criteria, we will find that your impairment meets the listing.")  The diagnostic description in the introductory paragraph to Listing 12.00 defines mental retardation:

> Mental Retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22."

Listings 12.05.  The plaintiff argues Dr. Crowder's report, in combination with his low back pain, satisfies the requirements of Listing 12.05C.  He argues the ALJ's finding that he did not meet Listing 12.05C was, therefore, not supported by substantial evidence.

The ALJ, Cynthia G. Weaver, gave little weight to the assessment and IQ testing done by Dr. Crowder.  R. 16.  She did not make an explicit finding as to whether the IQ scores reported by Dr. Crowder were valid.  However, she did find the plaintiff's testimony and reported activities were not consistent with mild mental retardation:

> By his own testimony the claimant testified that he graduated high school and never failed any grades and his ability to live alone, pass a drivers' test and drive a car, take care of personal needs, and maintain his home is totally inconsistent with [mild mental retardation].

R. 16-17.  This suggests the ALJ found the plaintiff did not meet Listing 12.05C because he did not meet the diagnostic criteria for mental retardation.

The Diagnostic and Statistical Manual of Mental Disorders ("DSM") offers guidance in determining whether the diagnostic description of Listing 12.05 has been met.  The DSM description of Mild Mental Retardation contains the following:

3

> By their late teens, they can acquire academic skills up to approximately the sixth-grade level.  During their adult years, they usually achieve social and vocational skills adequate for minimum self-support, but may need supervision, guidance, and assistance, especially when under unusual social or economic stress.  With appropriate supports, individuals with Mild Mental Retardation can usually live successfully in the community, either independently or in supervised settings.

DSM-IV-TR at 43.  Therefore, the ALJ placed too much emphasis on the plaintiff's ability to live independently in finding he was not mentally retarded.

In support of his appeal, the plaintiff attached additional evidence to his reply brief.  The proffered evidence consists of a decision by ALJ Ricky V. South, finding the plaintiff disabled since September 10, 2010.[1]  In that decision, ALJ South found the plaintiff met Listing 12.05C.  ALJ South relied heavily upon the report from Dr. Crowder that ALJ Weaver gave little weight. His decision does not reference any other evidence relevant to the issue of whether the plaintiff meets Listing 12.05C.

Confronted with two ALJ decisions reaching contradictory results apparently based upon the same evidence, and because the ALJ placed excessive weight upon the plaintiff's ability to live independently, the court is of the opinion that this case should be remanded under sentence four of 42 U.S.C. § 405(g) for further development of the record.  On remand, the Commissioner shall consider additional evidence, order consultative examinations, and conduct such further hearings as she

---

[1] This is the date of the ALJ's decision in the present case.

deems appropriate in order to determine whether the plaintiff is disabled under Listing 12.05C.

An appropriate order will be entered contemporaneously herewith.

**DONE** and **ORDERED** 12 April 2013.

**VIRGINIA EMERSON HOPKINS**
United States District Judge